BEATRICE B. NGUYEN (SBN 172961)
  bbnguyen@crowell.com
CROWELL & MORING LLP
3 Embarcadero Center
26th Floor
San Francisco, CA 94111
Telephone: 415.986.2800
Facsimile: 415.986.2827

ASTOR H.L. HEAVEN (*pro hac vice*)
  aheaven@crowell.com
ELI LOUIS BERNS-ZIEVE (*pro hac vice*)
  eberns-zieve@crowell.com
CROWELL & MORING LLP
1001 Pennsylvania Ave. NW
Washington, DC 20004
Telephone: 202.624.2500
Facsimile: 202.628.5116

*Attorneys for Defendant HP Inc.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| TARAN PIETOSI, REY RAIN RAMOS, LAURA LAKE, and ANIETTE BRUZOS DE LOGORZ, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>HP INC., a Delaware corporation,<br><br>Defendant. | Case No. 3:22-cv-04273-VC<br><br>**DEFENDANT HP INC.'S ADMINISTRATIVE MOTION TO ADJUDICATE MERCHANTABILITY AS TO PLAINTIFFS PIETOSI, LAKE AND BRUZOS DE LOGORZ**<br><br>Hon. Vince Chhabria<br><br>Date:      April 2, 2026<br>Time:      10:00 a.m.<br>Courtroom: 4 |

# HP INC.'S ADMINISTRATIVE MOTION TO ADJUDICATE MERCHANTABILITY AS TO PLAINTIFFS PIETOSI, LAKE, AND BRUZOS DE LOGORZ

Pursuant to the Court's November 25, 2025, Minute Entry (Dkt. No. 317), Defendant HP Inc. ("HP") respectfully requests that the Court apply its forthcoming adjudication of Plaintiff Rey Rain Ramos' ("Ramos") implied warranty of merchantability claims to the identical claims asserted by Plaintiffs Taran Pietosi ("Pietosi"), Laura Lake ("Lake"), and Aniette Bruzos de Logorz ("Bruzos de Logorz") (collectively, "Plaintiffs").

HP has concurrently filed a motion for summary judgment addressing Ramos's implied warranty claims. Those claims raise the precise legal issues this Court identified in its October 30, 2025, Order (Dkt. No. 312)—issues that apply equally to the remaining Plaintiffs whose only surviving claims are for breach of the implied warranty of merchantability. Because the factual predicates and legal theories are materially indistinguishable, resolving those issues uniformly now will ensure consistent application of the governing law and avoid piecemeal adjudication.

Granting this motion would promote judicial economy, prevent inconsistent rulings within the same putative class action, and align with the Court's invitation that HP seek permission to adjudicate merchantability as to the remaining Plaintiffs. *See* Dkt. No. 317.

## I. Procedural Background

Plaintiffs' Amended Class Action Complaint asserts five causes of action for breach of the implied warranty of merchantability on behalf of putative subclasses in California, Pennsylvania, Michigan, and Florida. *See* Dkt. No. 13 (Counts IV, VIII, IX, XI, XIII). HP previously moved for summary judgment. *See* Dkt. No. 221. Ramos moved to intervene,[1] and on March 14, 2025, the Court held his motion in abeyance pending resolution of HP's summary judgment motion. *See* Dkt. No. 240.

On October 30, 2025, the Court declined to grant summary judgment as to Pietosi, Lake, and Bruzos de Logorz, but expressly identified two legal issues that now warrant further briefing:

1. Whether the alleged "stuttering" identified by Plaintiffs constitutes a cognizable defect for purposes of the implied warranty of merchantability; and

---

[1] A previous class member had been dismissed from the case.

2. The potential application of the third-party beneficiary exception to privity, which was not previously briefed.

See Dkt. No. 312 at 4 & n.3.

Thereafter, at the case management conference on November 21, 2025, the Court granted Ramos's motion to intervene and set a summary judgment hearing date as to his claims. Dkt. No. 317. The Court also noted that additional briefing as to *all* Plaintiffs' claims could be warranted and thus allowed HP to "file an administrative motion under the local rules seeking permission to adjudicative merchantability as to the other Plaintiffs." Dkt. No. 317.

This motion follows directly from that directive.

## II.  Factual Background

The factual premise underlying Ramos's implied warranty claims is identical to that asserted by Pietosi, Lake, and Bruzos de Logorz: alleged micro-stuttering during the use of certain applications. As detailed in HP's concurrently-filed summary judgment motion, the undisputed record demonstrates that Ramos' computer is fit for its ordinary purpose. The same record evidence applies to the remaining Plaintiffs.

Lake and Pietosi submitted declarations claiming that they observed audio and visual disruptions similar to those depicted in stress-testing videos prepared by Plaintiffs' expert, Mr. Novak, and AMD's expert Dr. Adam Sorini. *See* Dkt. Nos. 243-1, 243-2. Mr. Novak's testing induced micro-stutters lasting less than one second on devices that continued to function normally. *See* Dkt. No. 269 at 17 (describing videos of micro-stutters). As with Ramos' computer, such fleeting disruptions in certain applications created by artificial stress testing do not render a computer wholly unfit for its ordinary purpose. Bruzos de Logorz did not submit a declaration, but she testified at her deposition that despite purported stuttering, her HP laptop "was still usable," and that her boyfriend still used the device for "sending . . . email" and various other tasks. Ex. 1, Bruzos de Logorz Dep. Tr., 126:25-128:23. Bruzos de Logorz's testimony makes clear that her computer remained capable of performing common computing tasks and was thus not defective.

///

### III. Argument

The Court expressly questioned whether the alleged stuttering constitutes a defect for purposes of the implied warranty of merchantability. Dkt. No. 312 at 4 n.3. HP respectfully submits that it does not, and its summary judgment motion as to Ramos squarely addresses that issue.

If the Court concludes that momentary micro-stuttering—observed only during artificial stress testing and not rendering the device unusable—does not constitute a defect, that ruling necessarily applies to Pietosi, Lake, and Bruzos de Logorz. Permitting those Plaintiffs to proceed to class certification and trial on an identical theory after such a ruling would create inconsistency within the same action.

In its October 30, 2025, summary judgment order, the Court declined to rule in HP's favor on the implied warranty of merchantability claims in part because "there is an exception for third-party beneficiaries that would seem to cover the plaintiffs here." Dkt. No. 312 at 4. HP's summary judgment motion as to Ramos explains why the exception does not apply as a matter of law or fact.

This issue is also relevant as to Bruzos de Logorz, whose implied warranty claim arises under Florida law, which requires privity absent a recognized exception. *See Toca v. Tutco, LLC*, 430 F. Supp. 3d 1313, 1325–26 (S.D. Fla. 2020) ("Under Florida law, privity of contract is required to maintain an action for breach of an implied warranty [of merchantability].") (citing *Ocana v. Ford Motor Co.*, 992 So. 2d 319, 325 (Fla. 3d DCA 2008)).[2] If the Court determines that the third-party beneficiary exception does not apply to Ramos, the same legal reasoning will govern Bruzos de Logorz's claim. Granting HP summary judgment on this point as to Bruzos de Logorz will thus ensure third-party beneficiary law is consistently considered as between her and Ramos.

This Court has inherent authority to manage its docket and grant HP's request. *See* Fed. R. Civ. P. 54(b) ("Otherwise, any order or other decision, however designated, that adjudicates

---

[2] Lake (Michigan) and Pietosi (Pennsylvania) reside in states that do not require privity to assert an implied warranty of merchantability claim.

fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties *and may be revised at any time* before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.") (emphasis added); *see also Gibson v. City of Portland*, No. 24-1663, 2026 WL 235118, at *18 (9th Cir. Jan. 29, 2026) ("[T]he district court has inherent authority to control its docket and ensure the prompt resolution of lawsuits[.]").

## IV. Conclusion

For all the foregoing reasons, HP respectfully requests that the Court apply its forthcoming ruling on Ramos' implied warranty of merchantability claims to Pietosi's, Lake's, and Bruzos de Logorz's implied warranty of merchantability claims.

Dated: February 19, 2026

Respectfully submitted,

*/s/ Beatrice B. Nguyen*
Beatrice B. Nguyen (SBN 172961)
bnguyen@crowell.com
CROWELL & MORING LLP
3 Embarcadero Center, 26th Floor
San Francisco, CA 94111
Telephone: 415.986.2800

Astor H.L. Heaven (*pro hac vice*)
aheaven@crowell.com
Eli L. Berns-Zieve (*pro hac vice*)
CROWELL & MORING LLP
1001 Pennsylvania Ave. NW
Washington, D.C. 20004
Telephone: 202.624.2599

*Attorneys for Defendant HP Inc*