**BATHAEE DUNNE LLP**
Yavar Bathaee (CA 282388)
yavar@bathaeedunne.com
Andrew C. Wolinsky (CA 345965)
awolinsky@bathaeedunne.com
445 Park Avenue, 9th Floor
New York, NY 10022
Tel.: (332) 322-8835

Brian J. Dunne (CA 275689)
bdunne@bathaeedunne.com
Edward M. Grauman (*pro hac vice*)
egrauman@bathaeedunne.com
901 South MoPac Expressway
Barton Oaks Plaza I, Suite 300
Austin, TX 78746
Tel.: (213) 462-2772

Allison Watson (CA 328596)
awatson@bathaeedunne.com
3420 Bristol Street, Suite 600
Costa Mesa, CA 92626
Tel.: (213) 458-7075

**HAGENS BERMAN SOBOL SHAPIRO LLP**
Christopher R. Pitoun (CA 290235)
301 North Lake Avenue, Suite 920
Pasadena, CA 91101
Tel.: (213) 330-7150
christopherp@hbsslaw.com

Emilee Sisco (*pro hac vice*)
1301 2nd Avenue, Suite 2000
Seattle, WA 98101
Tel.: (206) 623-7292
emilees@hbsslaw.com

*Attorneys for Plaintiffs and the Proposed Classes*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| TARAN PIETOSI, et al.,<br><br>   Plaintiffs,<br><br>v.<br><br>HP INC.,<br><br>   Defendant. | Case No. 3:22-cv-04273-VC<br><br>**PLAINTIFFS' OPPOSITION TO HP INC.'S ADMINISTRATIVE MOTION TO ADJUDICATE MERCHANTABILITY AS TO PLAINTIFFS PIETOSI, LAKE AND BRUZOS DE LOGORZ**<br><br>Hon. Vince Chhabria |

HP's Administrative Motion should be denied because it does not seek relief permissible through such a motion (for example, *the opportunity to move for* summary judgment as to plaintiffs Pietosi, Lake, and Bruzos De Logorz) and instead actually *asks the Court to grant summary judgment as to these plaintiffs* without requisite safeguards. HP cannot move for summary judgment—even contingent summary judgment—through an administrative motion, filed on a Thursday night, for which Plaintiffs' response is due the coming Monday. As to substance, HP again simply fails to present any actual legal particulars concerning the relief it seeks. It does not address what law should apply, does not address the merchantability standard under any state's law, and does not apply law to facts for any previously-adjudicated plaintiff.

## ARGUMENT

Rule 56 sets forth procedural and substantive requirements for granting summary judgment, Fed. R. Civ. P. 56(c)-(g), including for "Judgment Independent of [a] Motion," *id.* 56(f). This district has a local rule on point: "Motions for summary judgment or summary adjudication and opposition to such motions must be noticed as provided in Civil L.R. 7-2 and 7-3." N.D. Cal. Civ. L.R. 56-1. The Ninth Circuit has looked to the local rules of this district in evaluating whether a litigant was provided the requisite notice and opportunity to respond under Rule 56. *See Norse v. City of Santa Cruz*, 629 F.3d 966, 971-72 (9th Cir. 2010) (en banc) (reversing *sua sponte* grant of summary judgment and analyzing Civ. L.R. 7-2 amidst evaluation of adequate notice and opportunity to respond).

Consistent with these requirements, HP previously moved for summary judgment against three plaintiffs—Ms. Pietosi, Ms. Lake, and Ms. Bruzos De Logorz—through a noticed motion, and Plaintiffs filed complete responses. However, as the Court noted in its October 20, 2025 Order on the parties' cross-motions for summary judgment with respect to these plaintiffs, HP did not adequately brief the issue of whether fTPM-related stuttering in the plaintiffs' HP PCs renders those products unmerchantable under California law. Dkt. No. 312 at 4 n.3 (pointing to HP's failure to "move for summary judgment on the ground that the stuttering problem, even if caused by the fTPM, did not rise to the level of a defect under California law"). HP's "fleeting request for

-1-

summary judgment" in its reply brief, which merely referenced AMD's summary judgment motion, failed to address whether "the stuttering rose to the level of a defect in HP [PCs] purchased for the purposes for which such [PCs] are ordinarily used." *Id.*; *see also Birdsong v. Apple, Inc.*, 590 F.3d 955, 958 (9th Cir. 2009) ("The California Commercial Code implies a warranty of merchantability that goods '[a]re fit for ordinary purposes for which such goods are used.'" (citing Cal. Com. Code § 2314(2)(c))). The Court also noted that HP's summary judgment motion failed to address the third-party beneficiary exception to the privity requirement for an implied warranty of merchantability claim under the California Commercial Code, *see* Cal. Com. Code § 2314.[1] Dkt. No. 312 at 4.

There is presently a regularly noticed summary judgment motion filed by HP as to new California-based plaintiff Rey Rain Ramos. *See* Dkt. No. 331 (Feb. 19, 2026). The parties—and Court—have known that HP would be filing such a motion for several months. *See* Hr'g Tr. 19:19-20:8. Given that HP would already be moving for summary judgment on implied warranty claims with respect to Mr. Ramos, the Court reasoned that perhaps HP could move for summary judgment as to the previously-adjudicated plaintiffs (Pietosi, Lake, and Bruzos de Logorz) on issues that HP had previously failed to adequately brief. *Id.* This suggestion raised procedural concerns amongst Plaintiffs' counsel, given that Plaintiffs had never actually presented Rule 56-compliant evidence and argument on the issues being discussed (as HP had not, in fact, moved on them). *Id.* 12:23-13:22. Nonetheless, the Court raised a fair point that if there was already going to be a new round of summary judgment briefing on implied warranty issues, it could be efficient to address merchantability as to Pietosi, Lake, and Bruzos De Logorz within that briefing.

Accordingly, at the November 21, 2025 case management conference, the Court invited HP to file an administrative motion "seeking permission to adjudicate merchantability as to the other plaintiffs" as part of its summary judgment motion as to Ramos. Dkt. No. 317; Hr'g Tr.

---

[1] There is no privity requirement for an implied warranty claim under California's Song-Beverly Act, Cal. Com. Code § 1791, *et seq. Ballesteros v. Ford Motor Co.*, 109 Cal. App. 5th 1196, 1218 (2025), *review dismissed, cause remanded*, 578 P.3d 503, 338 Cal.Rptr.3d 438.

19:19-20:8 (inviting HP to seek permission to include a motion for summary judgment on merchantability as to the other Plaintiffs "in this motion," meaning the Ramos summary judgment motion). The clear implication was that HP should file an administrative motion *in advance of* filing its summary judgment motion as to Ramos. That way, if granted permission, HP could brief the issue of merchantability as to the other Plaintiffs in its procedurally-compliant Ramos summary judgment motion, and Plaintiffs could respond in their procedurally compliant response.[2]

HP did not do this. Instead, the same day it filed a properly noticed Motion for Summary Judgment as to Ramos, Dkt. No. 331, the company filed an Administrative Motion asking that any merchantability ruling as to Ramos "necessarily appl[y] to Pietosi, Lake, and Bruzos [D]e Logorz," Admin. Mot. at 3, and that any ruling as to the third-party beneficiary exception—which HP raises with respect to Ramos, under California law—be applied to Bruzos De Logorz, under Florida law, *id*. To be clear, HP's Ramos motion does not address implied warranty issues as to Pietosi, Lake, or Bruzos De Logorz (neither merchantability nor privity). *See* Dkt. No. 331. Its properly noticed summary judgment motion does not present evidence or argument about what choice of law to apply to these issues as to those plaintiffs, nor about any differences on merchantability or privity requirements between California (Ramos's residence) and Pennsylvania (Pietosi), Michigan (Lake), or Florida (Bruzos De Logorz). *Id.*

Instead, HP filed an Administrative Motion asking that a summary judgment ruling with respect to Mr. Ramos be "appl[ied]" to plaintiffs Pietosi, Lake, and Bruzos De Logorz, Admin. Mot. at 4, because, according to HP's proposed order, these are "identical claims," Dkt. No. 332-3. Under the procedural rules, Plaintiffs must respond to HP's motion, filed at 8:42 pm Pacific on a Thursday, within four days—two of them on a weekend. Given the actual relief requested—that any summary judgment ruling by the Court as to Mr. Ramos be "appl[ied]" to Ms. Pietosi, Ms. Lake, and Ms. Bruzos De Logorz, Admin. Mot. at 4—HP's motion actually seeks summary

---

[2] Though it is not entirely clear that the Court's reference to adjudicating "merchantability" also encompassed renewed briefing on privity, the same procedural assumption would certainly hold.

judgment as to these plaintiffs, not the *opportunity to move for summary judgment* as to them. This is not procedurally permissible for an administrative motion, and runs counter to Ninth Circuit precedent in terms of providing an effective opportunity for Plaintiffs to actually address merchantability and privity as to Ms. Pietosi, Ms. Lake, and Ms. Bruzos De Logorz. *See Norse*, 629 F.3d at 971-72.

As to the merits of HP's administrative motion, for merchantability, the company does not address choice of law or the standard for merchantability in any state—California, Pennsylvania, Michigan, or Florida. *See* Admin. Mot. at 3. It is logically possible that the Court's ruling on merchantability with respect to Mr. Ramos could apply to Ms. Pietosi, Ms. Lake, and/or Ms. Bruzos De Logorz, but HP has yet again presented no actual substantive argument as to why or why not the evidence for these plaintiffs meets any state's actual merchantability standard. Plaintiffs have no ability to argue for or against such an "appl[ication]," Admin. Mot. at 4; *see also* Dkt. 332-3, on this record. *See Maldonado v. Morales*, 556 F.3d 1037, 1048 n.4 (9th Cir. 2009) ("Arguments made in passing and inadequately briefed are waived.").

As to privity, HP's motion acknowledges that there is no privity requirement for an implied warranty of merchantability claim under the laws of Michigan (Lake's state of residence) and Pennsylvania (Pietosi's state of residence). Admin. Mot. at 3 n.2. HP's motion does *not* acknowledge (and its Ramos motion doesn't either) that there is also no privity requirement for an implied warranty claim under California's Song-Beverly Act, Cal. Com. Code § 1791, *et seq. See Ballesteros*, 109 Cal. App. 5th at 1218. And as to Ms. Bruzos De Logorz, HP cites to a Florida case identifying a privity requirement under that state's law, then states without elaboration that "[i]f the Court determines that the third-party beneficiary exception does not apply to Ramos, the same legal reasoning will govern Bruzos [D]e Logorz's claim." Admin. Mot. at 3. But the Court has previously determined—both in this case and in the related *Day* case—that California's third-party beneficiary exception applied to plaintiffs' purchases, and Plaintiffs have no reason to believe this will not also hold true for Mr. Ramos. *See* Dkt. 312 (Pietosi *et al.* Summary Judgment Order) at 4 ("as discussed in Day, there is an exception for third-party beneficiaries that would

-5-

seem to cover the plaintiffs here"); *Day v. Advanced Micro Devices, Inc.*, Case No. 3:22-cv-4305, Dkt. No. 110 at 2.

\* \* \*

HP's procedural failure here leaves Plaintiffs in a difficult position. HP has yet again failed to adequately present merchantability arguments with respect to plaintiffs Pietosi, Lake, and Bruzos De Logorz, and has further used a procedurally improper mechanism to seek (renewed) summary judgment on these plaintiffs' implied warranty claims. The Court cannot, in Plaintiffs' view, grant HP the relief it seeks based on the administrative motion it filed. But Plaintiffs are aware of the Court's previously-expressed interest in potentially revisiting merchantability with respect to Ms. Pietosi, Ms. Lake, and/or Ms. Bruzos De Logorz.

On balance, Plaintiffs submit that HP's renewed failure to properly present its implied warranty arguments as to plaintiffs Pietosi, Lake, and Bruzos De Logorz could fairly warrant the Court simply denying HP any further bites at the summary judgment apple for those plaintiffs. However, should the Court be unwilling at this juncture to render such a decision, Plaintiffs would suggest the Court simply rule on the properly noticed summary judgment motion HP actually filed (the one against Mr. Ramos, Dkt. No. 331), and then afterward re-engage the parties as to the decision's potential applicability to the previously-adjudicated plaintiffs.

## CONCLUSION

HP's administrative motion should be denied.

Dated: February 22, 2026

Respectfully submitted,

By: */s/ Brian J. Dunne*
    Brian J. Dunne

**HAGENS BERMAN SOBOL SHAPIRO LLP**
Christopher R. Pitoun (CA 290235)
301 North Lake Avenue, Suite 920
Pasadena, CA 91101
Tel.: (213) 330-7150
christopherp@hbsslaw.com

Emilee Sisco (*pro hac vice*)
1301 2nd Avenue, Suite 2000
Seattle, WA 98101
Tel.: (206) 623-7292
emilees@hbsslaw.com

**BATHAEE DUNNE LLP**
Brian J. Dunne (CA 275689)
bdunne@bathaeedunne.com
Edward M. Grauman (*pro hac vice*)
egrauman@bathaeedunne.com
901 South MoPac Expressway
Barton Oaks Plaza I, Suite 300
Austin, TX 78746
Tel.: (213) 462-2772

Yavar Bathaee (CA 282388)
yavar@bathaeedunne.com
Andrew C. Wolinsky (CA 345965)
awolinsky@bathaeedunne.com
445 Park Avenue, 9th Floor
New York, NY 10022
Tel.: (332) 322-8835

Allison Watson (CA 328596)
awatson@bathaeedunne.com
3420 Bristol Street, Suite 600
Costa Mesa, CA 92626
Tel.: (213) 458-7075

*Attorneys for Plaintiffs and the Proposed Classes*